**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00908-LTB-CBS
───────────────────────────────────────────────────────────────

NICOLE ADAMS,

   Plaintiff,

v.

WELLS FARGO BANK, N.A.,

   Defendant.
───────────────────────────────────────────────────────────────

**STIPULATED PROTECTIVE ORDER**
───────────────────────────────────────────────────────────────

Upon a showing of good cause in support of the entry of a Protective Order by and between Plaintiff Nicole Adams and Defendant Wells Fargo Bank, N.A. to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure ("Discovery Material") and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of Defendants or Plaintiff, and/or current or former employees of Defendants. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial (including any appeal) of this case.

4. CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for Defendants;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony;

(h) Plaintiff's husband; and

(i) other persons by agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL documents to individuals within 4(d), 4(g), 4(h), and 4(i) listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by his or its attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Production of any document or materials without a designation of confidentiality, or an incorrect designation, will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of the ten (10) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the

Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

12.     Inadvertent Disclosure

The Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

a. The disclosure or production of Discovery Material by a Producing Party subject to a legally recognized claim of privilege to a Receiving Party shall in no way constitute the voluntary disclosure of the Disclosure Material.

b. The inadvertent disclosure or production of any Discovery Material in this action shall not result in the waiver of any privilege, evidentiary protection or other

5

protection associated with Discovery Material. The inadvertent disclosure or production of any Discovery Material also shall not result in any waiver, including subject matter waiver, of any kind.

      c.     If, during the course of this litigation, a Receiving Party determines that any Discovery Material is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

           i.     Subject to paragraph 12(c)(iii) below, the Receiving Party shall: (i) refrain from reading, reviewing, or listening to the protected discovery material any more closely than is necessary to determine that it is privileged or otherwise protected from disclosure; (ii) expeditiously notify the Producing Party in writing that it has discovered Discovery Material believed to be privileged or protected; and (iii) specifically identify the Discovery Material. Upon receipt from the Producing Party of a notice that the Discovery Material is in fact privileged or otherwise protected from disclosure, the Receiving Party shall, within ten (10) days of receipt of such notice by the Receiving Party, return, sequester, or destroy all copies of the privileged or protected Discovery Material, along with any notes, abstracts or compilations of the content of the privileged or protected Discovery Material. To the extent that privileged or protected Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall, to the extent practicable, have all electronic copies of the privileged or protected Discovery Material extracted from the database. Where privileged or protected Discovery Material cannot be

destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

        ii.      If the Producing Party intends to assert a claim of privilege or other protection over Discovery Material identified by the Receiving Party, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of the intention to assert a claim of privilege in writing and shall provide the Receiving Party with a log of the privileged or protected Discovery material, setting forth the basis for the claim of privilege or other protection. In the event that any portion of Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving party a redacted copy of the material that omits the information that the Producing Party believes to be subject to a claim of privilege or other protection.

        iii.      Notwithstanding anything stated elsewhere in this Stipulation, the Receiving Party is under no obligation to search or review the Producing Party's Discovery Material to identify potentially privileged material or work product.

    d.    If, during the course of this litigation, a Producing Party determines that it has produced privileged or protected Discovery Material:

        i.      The Producing Party may notify the Receiving Party of the inadvertent production or production prior to entry of this Order, and request the return of privileged, protected or Confidential documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the

Discovery Material inadvertently produced, the privilege or protection claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing party believes is subject to a claim of privilege or other protection.

      ii.  The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material. To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

    e.  To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice as set forth in paragraphs (i) and (ii) above, the Receiving Party shall sequester the documents until the claim has been resolved. If the Receiving Party disclosed the Discovery Material subject to a claim of privilege or protection before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f. The Receiving Party's return, sequestering or destruction of privileged Discovery Material as provided for in this Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i. The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

ii. The disclosure of the Discovery Material was not inadvertent;

iii. The Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

iv. The Producing Party failed to take reasonable or timely steps to rectify the error.

g. Upon a determination by the Court that the Discovery Material is protected by the applicable privilege or evidentiary protection, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Order), or within any other time period that the Court requires in its Order. The Court may also order the identification

by the Receiving Party of privileged or protected Discovery Material by search terms or other means.

      h.    Nothing contained in this Order shall limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or segregation of privileged and/or protected information before that information is produced to another party.

      13.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

      14.    The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

      15.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

      Dated this  8th day of   December        2015.

                                            United States Magistrate Judge

Firmwide:136584917.1 081479.1012